**UNITED STATES DISTRICT COURT**
**for the**
**DISTRICT OF RHODE ISLAND**

SYLVESTER CYLER

      *v*.                                                   C.A.No.: 21-cv-
                                                       **Plaintiff Demands a Jury Trial**

FRITO-LAY, INC. and
FL TRANSPORTATION, INC.

**COMPLAINT**

1. This is a claim for equitable and declaratory relief and for damages for violation of the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, et seq., the Rhode Island Civil Rights Act, R.I.G.L. §42-112-1 et seq., 28 U.S.C. 2000(e) and 2000(e)-3, also known as Title VII of the Civil Rights Act of 1964, 42 U.S.C §1981 and/or the Connecticut Fair Employment Practices Acts, Conn. Gen. Stat. § 46a-60 (§46a-51 et seq.).

2. The plaintiff filed a charge with the Rhode Island Commission for Human Rights, 20 EPD 217-06/50, and thereby the Equal Employment Opportunity Commission, 16J-2020-00172, and has received a Right to Sue and has thereby satisfied any and all administrative prerequisites to suit.

3. The plaintiff filed a charge with the Connecticut Commission for Human Rights and Opportunities, Case Numbers 2140014 and 2140015, and thereby the Equal Employment Opportunity Commission, 16A-2020-01217 and 16A-2020-01218, and has received a Release of Jurisdiction and has thereby satisfied any and all administrative prerequisites to suit.

1

Parties

4.  Plaintiff Sylvester Cyler is a resident of the State of Rhode Island and Providence County therein.

5.  The defendant Frito-Lay, Inc. is a foreign corporation operating within the State of Rhode Island, with a business location within the State of Rhode Island and with sufficient minimum contacts with the State of Rhode Island for this Court to exercise jurisdiction over the defendant.

6.  The defendant FL Transportation, Inc. is a foreign corporation operating within the State of Rhode Island, with a business location within the State of Rhode Island and with sufficient minimum contacts with the State of Rhode Island for this Court to exercise jurisdiction over the defendant.

7.  The defendants, though distinct legal entities, operate as one entity in the employment of delivery drivers.

8.  The defendants engage in business and have employees performing their duties within the state of Rhode Island.

9.  The plaintiff herein did perform duties of his employment within the State of Rhode Island.

Statement of Facts

10. The plaintiff is a black man.

11. The defendants had knowledge and were aware of the plaintiff's race.

12. The defendants are employers as that term is defined by R.I.G.L. §28-5-6, 42 U.S.C. §2000(e) and Connecticut Fair Employment Practices Acts, Conn. Gen. Stat. § 46a-51.

13. In or about March 2019, Sylvester Cyler and three other black men, Jesse J. Sanders, Frederick Gunn, and Richard Evan were hired by the defendants.

14. Sylvester Cyler, Jesse J. Sanders, Frederick Gunn, and Richard Evan were hired by the defendants as drivers servicing the northeast region including Rhode Island.

15. During his employment with the defendants, the defendant routinely and regularly performed the duties of his employment within the State of Rhode Island.

16. Sylvester Cyler, Jesse J. Sanders, Frederick Gunn, and Richard Evan were presented documentation welcoming them to Frito-Lay and in the performance of their duties were required to wear apparel that identified them as representatives of Frito-Lay, Inc.

17. Sylvester Cyler was paid by FL Transportation, Inc.

18. Sylvester Cyler, Jesse J. Sanders, Frederick Gunn, and Richard Evan were placed in orientation classes with one other new hire at that time, a white male.

19. Plaintiff's orientation took place in part in Killingly Connecticut and in part at the defendants' location in Cranston, Rhode Island.

20. During a day of orientation classes, on or about March 11, 2019, one of the plaintiff's instructors, Mrs. Kelly L., entered the class room and informed the black employees that the local police were outside looking for one of the black guys in the room.

21. The defendants' supervisor's statement regarding the local police was false and without basis and was made solely to demean the black employees in the training.

22. The defendants and the union in which the defendants' employees belong work together to organize and supervise the work environment and job duties of the defendants' employees.

23. On or about March 15, 2019, Sylvester Cyler, by and through Jesse Sanders, for himself and on behalf of the other black employees present, approached the union steward and informed that person of the improper and discriminatory actions of the defendants' supervisory employee.

24. Upon information and belief, the union steward provided plaintiff's report of discrimination to the management of the defendants.

25. Upon information and belief, the defendants took no action to remedy or address the improper actions of its supervisory employee.

26. After plaintiff's report of the discriminatory action of the defendants' supervisory employee, a protected activity, by and through Jesse Sanders on his own behalf and that of the other black employees present, plaintiff was targeted with continual retaliation in the form of continued and ongoing hostile work environment.

27. The other black employees present were also subjected to retaliation.

28. Plaintiff incorporates by reference the complaint filed by Jesse J. Sanders with the United States District Court for the District of Rhode Island, C.A. No.: 20-cv-00449-MSM-LDA .

29. A few months after the complaint of discriminatory treatment, plaintiff was threatened to be written up over logging in or out properly even though plaintiff had been consistent and appropriate with the way he was logging my time.

30. Plaintiff injured himself at work on or about June 21, 2019 suffering a ruptured bicep for which plaintiff sough t urgent care and was recommended to see a specialist.

31. Plaintiff was not allowed to see a specialist immediately as he was required to return to work.

32. Plaintiff saw a sports trainer hired by respondents who asserted that plaintiff just needed a week of physical therapy and plaintiff was placed on light duty.

33. Plaintiff suffered continued acute pain that required seeking further treatment through urgent care due to the continued work duties placed on plaintiff, beyond the light duty prescribed.

34. Respondents disciplined plaintiff for working too fast and his injury.

35. Respondents asserted that plaintiff overworked employment apparatus when said apparatus was not present on the truck he was assigned.

36. Respondents further targeted plaintiff with an abnormally large work load to be completed within a limited period of time.

37. During this same period of time, plaintiff requested assistance from supervision with a response of being yelled at and demeaned and finally a refusal of assistance.

38. Plaintiff was out of work from August 23, 2019 through Jan 6, 2020.

39. Plaintiff returned to work while still suffering from his injury and was instructed that his work load would be limited due to his injury.

40. Respondents failed and refused to adhere to the designated reduced duties exacerbating plaintiff's injuries.

41. Respondents targeted plaintiff with excessive work duties in an effort to have him fail.

42. Due to the excessive work load, plaintiff suffered a further injury to which the respondents' representatives stated to plaintiff that he cannot allow plaintiff to seek medical attention unless plaintiff received disciplinary action.

43. The threats of the respondents' representatives delayed plaintiff seeking medical treatment.

44. Plaintiff was informed by a treating physician that plaintiff may have a blood clot in his knee and respondents were still denying plaintiff the ability to seek medical treatment.

45. Respondent's representative and plaintiff's supervisor was aware of plaintiff's injury but ignored it.

46. Respondents have continually refused to accommodate plaintiff's job related physical injuries.

47. Respondents have targeted plaintiff and the other employees referenced above to have them leave or quit and when said attempts have not worked, have used false and fictitious reasons for their termination.

48. Plaintiff was out of work due to work related injuries from March 9, 2020 through on or about June 12, 2020.

49. Upon plaintiff's return to work, he has once again been targeted with excessive duties and work assignments beyond his physical capabilities.

50. Respondents have targeted plaintiff in response to the complaints of discrimination set forth above.

51. During plaintiff's employment with the defendant, he and the other three black men hired at the same time as him were four of only six black employees of the in excess of one hundred employees performing the same job duties at the location from which they were dispatched.

52. The actions of the defendants constitute discrimination and retaliation based on plaintiff's race and engaging in protected activity.

53. The actions of the defendants have caused plaintiff a loss of income, emotional distress and other damages.

54. The actions of the defendants constitute a violation of the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, et seq., the Rhode Island Civil Rights Act, R.I.G.L. §42-112-1 et seq., 28.U.S.C. 2000(e) and 2000(e)-3, also known as Title VII of the Civil Rights Act of 1964, 42 USC §1981 and/or the Connecticut Fair Employment Practices Acts, Conn. Gen. Stat. § 46a-60 (§46a-51 et seq.).

## COUNT I
*Discrimination – 42 U.S.C. §2000e (Title VII of the Civil Rights Act of 1964)*

55. Plaintiff restates all previous paragraphs by reference as if stated fully herein.

56. The defendants did violate Title VII by the facts described herein, by discriminating against him with respect to hire, tenure, compensation, terms, conditions or privileges of employment because of his race.

57. As a result, he has suffered and continues to suffer damages.

WHEREFORE, plaintiff respectfully requests this Honorable Court award him compensatory damages and all other damages authorized by statute, as well as his costs of litigation and reasonable attorneys' fees pursuant to statute.

## COUNT II
*Retaliation – 42 U.S.C. §2000e (Title VII of the Civil Rights Act of 1964)*

58.     Plaintiff restates all previous paragraphs by reference as if stated fully herein.

59.     The defendants did violate Title VII by the facts described herein, by retaliating against him because he opposed a practice forbidden by 42 U.S.C. §2000(e) and engaged in protected activity in the form of complaints of discrimination.

60.     As a result, he has suffered and continues to suffer damages.

WHEREFORE, plaintiff respectfully requests this Honorable Court award him compensatory damages and all other damages authorized by statute, as well as his costs of litigation and reasonable attorneys' fees pursuant to statute.

## COUNT III
*Discrimination – 42 U.S.C. §1981*

61.     Plaintiff restates all previous paragraphs by reference as if stated fully herein.

62.     The defendants did violate 42 U.S.C. §1981 by the facts described herein, by discriminating against him with respect to hire, tenure, compensation, terms, conditions or privileges of employment because of his race.

63.     As a result, he has suffered and continues to suffer damages.

WHEREFORE, plaintiff respectfully requests this Honorable Court award him compensatory damages and all other damages authorized by statute, as well as his costs of litigation and reasonable attorneys' fees pursuant to statute.

## COUNT IV
*Retaliation – 42 U.S.C. §1981*

64. Plaintiff restates all previous paragraphs by reference as if stated fully herein.

65. The defendants did violate 42 U.S.C. §1981 by the facts described herein, by retaliating against him because he opposed a practice forbidden by 42 U.S.C. §1981 and engaged in protected activity in the form of complaints of discrimination.

66. As a result, he has suffered and continues to suffer damages.

WHEREFORE, plaintiff respectfully requests this Honorable Court award him compensatory damages and all other damages authorized by statute, as well as his costs of litigation and reasonable attorneys' fees pursuant to statute.

## COUNT V
*Discrimination - R.I.G.L. § 28-5-1 et seq.*

67. Plaintiff restates all previous paragraphs by reference as if stated fully herein.

68. The defendants did violate R.I. Gen. Laws §28-5-6, the Rhode Island Fair Employment Practices Act, by the facts described herein, by discriminating against him with respect to hire, tenure, compensation, terms, conditions or privileges of employment because of his race.

69. As a result, he has suffered and continues to suffer damages.

WHEREFORE, plaintiff prays this Honorable Court award him compensatory and consequential damages pursuant to Rhode Island General Laws 28-5-24(b) including but not limited to lost income and punitive damages pursuant to Rhode Island General Laws 28-5-29.1 as well as his costs of litigation and reasonable attorneys' fees pursuant to Rhode Island General Laws § 28-5-24(a) and such other relief as the Court deems appropriate.

## COUNT VI
*Retaliation - R.I.G.L. § 28-5-1 et seq.*

70. Plaintiff restates all previous paragraphs by reference as if stated fully herein.

71. The defendants did violate R.I. Gen. Laws §28-5-6(5), the Rhode Island Fair Employment Practices Act, by the facts described herein, by discriminating against him because he opposed a practice forbidden by FEPA and engaged in protected activity in the form of complaints of discrimination.

72. As a result, he has suffered and continues to suffer damages.

WHEREFORE, plaintiff prays this Honorable Court award him compensatory and consequential damages pursuant to Rhode Island General Laws 28-5-24(b) including but not limited to lost income and punitive damages pursuant to Rhode Island General Laws 28-5-29.1 as well as his costs of litigation and reasonable attorneys' fees pursuant to Rhode Island General Laws § 28-5-24(a) and such other relief as the Court deems appropriate.

## COUNT VII
*Discrimination - RIGL §42-112-1 et seq,*

73. Plaintiff restates all previous paragraphs by reference as if stated fully herein.

74. The defendants did violate R.I.G.L. §42-112-1, the Rhode Island Civil Rights Act "RICRA", by the facts described herein, by discriminating against him with respect to hire, tenure, compensation, terms, conditions or privileges of employment because of his race.

75. As a result, he has suffered and continues to suffer damages.

WHEREFORE, plaintiff prays this Honorable Court award him compensatory, consequential and exemplary damages as well as the costs of litigation and reasonable attorneys' fees pursuant to Rhode Island General Laws § 42-112-2 and such other relief as the Court deems appropriate.

## COUNT VIII
*Retaliation - RIGL §42-112-1 et seq,*

76. Plaintiff restates all previous paragraphs by reference as if stated fully herein.

77. The defendants did violate R.I.G.L. §42-112-1, the Rhode Island Civil Rights Act "RICRA", by the facts described herein, by the facts described herein, by discriminating against him because he opposed a practice forbidden by RICRA and engaged in protected activity in the form of complaints of discrimination.

78. As a result, he has suffered and continues to suffer damages.

WHEREFORE, plaintiff prays this Honorable Court award him compensatory, consequential and exemplary damages as well as the costs of litigation and reasonable attorneys' fees pursuant to Rhode Island General Laws § 42-112-2 and such other relief as the Court deems appropriate.

## COUNT IX
*Discrimination – C.G.S. § 46a-60 et seq.*

79. Plaintiff restates all previous paragraphs by reference as if stated fully herein.

80. The defendants did violate C.G.S. § 46a-60 et seq, the Connecticut Fair Employment Practices Act, by the facts described herein, by discriminating against him with respect to hire, tenure, compensation, terms, conditions or privileges of employment because of his race.

81. As a result, he has suffered and continues to suffer damages.

WHEREFORE, plaintiff prays this Honorable Court award him compensatory and consequential damages pursuant to Connecticut General Statutes § 46a-104 including but not limited to lost income as well as his costs of litigation and reasonable attorneys' fees and such other relief as the Court deems appropriate.

## COUNT X
*Retaliation – C.G.S. § 46a-60 et seq.*

82. Plaintiff restates all previous paragraphs by reference as if stated fully herein.

83. The defendants did violate C.G.S. § 46a-60 et seq, the Connecticut Fair Employment Practices Act, by the facts described herein, by discriminating against him because he opposed a practice forbidden by FEPA and engaged in protected activity in the form of complaints of discrimination.

84. As a result, he has suffered and continues to suffer damages.

WHEREFORE, plaintiff prays this Honorable Court award him compensatory and consequential damages pursuant to Connecticut General Statutes § 46a-104 including but not limited to lost income as well as his costs of litigation and reasonable attorneys' fees and such other relief as the Court deems appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

        Respectfully submitted,
        SYLVESTER CYLER,
        By and through his attorney,

        */s/ David S. Cass*

        David S. Cass, RI #5044
        One Davol Square, 4th Floor
        Providence, RI 02903
        (508) 889-2674
        Fax: (401) 272-2708
        david@davidcasslaw.com